in another court, or adjourned, where proof of such engagement is submitted.

The stenographer's minutes, taken upon the inquest in the case at bar, show that an affidavit of the actual engagement of defendants' attorney ·in the City Court was handed up to the trial justice, and an adjournment asked, and the affidavits submitted upon defendants' motion to open their default. also show that defendants' attorney was practically forced into the trial of the action in the City Court, by the peremptory ruling of the justice in that court, that the case, in which defendants' attorney was the attorney for one of the parties, must proceed at once. The situation in which the defendants' attorney found himself was that he was compelled by the ruling of the trial justice to go to trial in both actions. He proceeded to trial in the City Court and endeavored to have the case in the Municipal Court held until the trial in the City Court was concluded. He could do no more.

Order reversed, judgment vacated, and new trial ordered, with costs to appellants to abide the event.

---

(87 Misc. Rep. 303)

DAVENPORT et al. v. CHESAPEAKE & O. RY. CO.

(Supreme Court, Appellate Term, First Department. November 19, 1914.)

1. COURTS (§ 97*)—FEDERAL DECISIONS—AUTHORITY IN STATE COURTS—INTERSTATE SHIPMENT.

In an action in a state court for delay in delivery of an interstate shipment, the law as interpreted by the federal court must be accepted as applicable.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 329–333; Dec. Dig. § 97.*]

2. CARRIERS (§ 159*)—LIMITATION OF LIABILITY—FILING CLAIM.

A limitation of liability in a bill of lading on an interstate shipment, if a claim is not presented in four months, is valid.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 668–671, 699–703½, 711–714, 718, 718½.; Dec. Dig. § 159.*]

3. CARRIERS (§ 159*)—LIMITATION OF LIABILITY—FILING CLAIM—WAIVER.

The rejection on the merits of a claim for delay in delivery of an interstate shipment, filed after the time limited in the bill of lading, is not a waiver of the limitation.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 668–671, 699–703½, 711–714, 718, 718½ ; Dec. Dig. § 159.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Stephen H. Davenport and others against the Chesapeake & Ohio Railway Company. From a judgment for plaintiffs, defendant appeals. Reversed, and complaint dismissed on the merits.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Rearick, Dorr & Travis, of New York City (G. H. Dorr, of New York City, and S. T. B. Morrison, of counsel), for appellant.

Shelp & Broomell, of New York City (John P. Broomell, of New York City, of counsel), for respondents.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BIJUR, J. To an action brought by plaintiff for damage to an interstate shipment of melons, caused by the alleged negligent delay of defendant, the defendant appellant has interposed, among others, the defense that the claim was not presented within the four months limited by the bill of lading. Respondent concedes that it was not so presented, but claims: (1) That the defense arising out of this delay was waived by defendant's rejection of the claim on its merits; and (2) that the provision is virtually one to limit or discharge the carrier's liability for his negligence, and therefore void under the decisions in this state.

[1] I do not think that it can now be successfully disputed that, as the case involves an interstate shipment, the law as interpreted by the federal courts must be accepted as applicable. United Lead Co. v. L. V. R. R. Co., 156 App. Div. 525, 527, 528, 141 N. Y. Supp. 310; Loomis v. L. V. R. Co., 208 N. Y. 312, 332, 101 N. E. 907.

[2] As to respondent's second contention—i. e., that the stipulation is one to exempt the carrier from liability for his negligence—it has been held by the Supreme Court of the United States that the limitation is valid. Express Co. v. Caldwell, 21 Wall. 264, 22 L. Ed. 556, expressly approved on this point in Queen of the Pacific, 180 U. S. 49, 21 Sup. Ct. 278, 45 L. Ed. 419. See, also, M., K. & T. Ry. Co. v. Harriman, 227 U. S. 657, 672, 673, 33 Sup. Ct. 397, 57 L. Ed. 690.

[3] As to the waiver, although in our own state a delay of three months for deliberation upon a claim presented after the time limit, and its rejection on the merits without reference to the limitation, has been held to constitute a waiver (see Isham v. Erie R. R. Co., 112 App. Div. 612, 98 N. Y. Supp. 609), the insistence on other defenses has been held in the federal courts not to constitute a waiver. L. V. R. Co. v. Providence, etc., Co., 172 Fed. 364, 97 C. C. A. 62.

Moreover, it is exceedingly doubtful to my mind whether, under the provisions of the Interstate Commerce Act, and in view of the fact that the form of the bill of lading under which this shipment was made was approved by the Interstate Commerce Commission, the carrier has power to waive its provisions. Interstate Commerce Opinion No. 4844, February 9, 1914.

Judgment reversed, with costs, and complaint dismissed on the merits. All concur.