Y. Supp. 527; Id., 162 App. Div. 934, 147 N. Y. Supp. 1141. That was a suit against this same defendant by a member of a local court of this state, to enjoin defendant from increasing the rate of the assessments, and judgment was rendered to that effect; but upon appeal to this court the judgment was reversed and a new trial ordered. While we held in that case that the action was prematurely brought, we also held that the right of the defendant to increase its rates is controlled by the laws of Canada, and not by the laws of this state. The case was again before this court after a new trial, and a judgment dismissing the plaintiff's complaint was affirmed on the authority of our former decision. 162 App. Div. 934, 147 N. Y. Supp. 1141. While the recent decision of the federal Supreme Court in the case of Supreme Council of the Royal Arcanum v. Green, 237 U. S. 531, 35 Sup. Ct. 724, 59 L. Ed. ——, decided June 1, 1915, reversing the Court of Appeals (206 N. Y. 591, 100 N. E. 411), involved the question of the full faith and credit article of the federal Constitution (Const. U. S., art. 4, § 1), the reasoning of the opinion in that case, as well as the decision in Canadian Southern Ry. Co. v. Gebhard, 109 U. S. 527, 3 Sup. Ct. 363, 27 L. Ed. 1020, seem to support the view that the law of Canada is controlling upon the question involved in the case in hand.

We are therefore of the opinion that we are required to reverse the judgment and dismiss the complaint, with costs.

---

### FRANK v. MICHIGAN CENT. R. CO. (No. 262–185.)

(Supreme Court, Appellate Division, Fourth Department. July 7, 1915.)

CARRIERS ⚖=218—LIMITING LIABILITY—AGREED VALUE—PARTIAL LOSS.

    Under a contract for interstate carriage of horses, conditioned, in consideration of the lower tariff, that the carrier assumed liability to the extent of the recited agreed valuation, the shipper is not entitled to recover the entire loss, because less than the amount limited; nor is the carrier free from liability because the horses in their injured condition are worth more than the agreed valuation, but the shipper is liable for such proportion of the actual loss as the declared valuation bears to the actual value.

    [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 674–696, 927, 928, 933–949; Dec. Dig. ⚖=218.]

    Merrell, J., dissenting.

Submission of controversy between Harold Frank and the Michigan Central Railroad Company, pursuant to Code Civ. Proc. §§ 1279, 1280, Judgment for plaintiff.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

L. P. Hancock, of Buffalo, for plaintiff.
Lester F. Gilbert, of Buffalo, for defendant.

KRUSE, P. J. The plaintiff shipped a car load of 24 horses over the defendant's railroad from Chicago to Buffalo. The horses were

---

⚖=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

injured in transit through the fault of the carrier, and the question is whether the plaintiff is entitled to recover of the defendant any damages, and, if so, what amount.

The defendant's tariffs had been filed with the Interstate Commerce Commission, and posted as required by act of Congress, and the shipping contract under which the animals were transported was in conformity thereto. The plaintiff chose the lower published tariff rate, based upon the condition that the carrier assumed liability on the horses to the extent only of an agreed valuation, upon which valuation as recited in the contract was based the rate charged for the transportation of the animals, and beyond which valuation neither the defendant nor any connecting carrier should be liable. The valuation of the horses, as stated in the shipping contract, was not to exceed $100 each, and in no event should the carrier's liability exceed $1,200 upon any car load.

The plaintiff contends that he is entitled to recover the entire loss, because it is less than the amount limited by the terms of the shipping contract. The defendant contends, first, that it is not liable for any of the loss, because the evidence shows that the horses were worth, after being injured, more than the valuation placed upon each of the horses; and, second, that in any event it is not liable for more than such proportion of the actual loss as the declared valuation bears to the actual value, namely, $230.24. The actual loss sustained by the plaintiff was $888.82, there being a loss upon each of the horses except two; but none of the horses was worth less than $100 after the injury.

I am of the opinion that the plaintiff is entitled to recover, but only the lesser amount. I shall not stop to analyze the various decisions which have been cited. It is not claimed that any are precisely in point, and I am not aware of any authoritative decision upon the exact question here involved. The reasoning of the cases, I think, sustains the conclusion here reached. As is well stated in Hutchinson on Carriers:

"Where the parties have stipulated that the carrier's liability in case of loss shall not exceed the sum at which the goods are valued, it is hardly reasonable to suppose that it was thereby intended that the carrier, in the event of only a partial loss, should be liable for an amount which might be equal to the sum fixed as the value on the goods, thus making if possible for the same amount to be recovered where the loss was only partial as would be recoverable where the loss was total."

The valuation clause in question here is not an exemption of the defendant from liability for its own negligence. Such exemption is not permissible under the federal rule (Adams Express Co. v. Croninger, 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. [N. S.] 257) by which this case must be determined, as the shipment was interstate. In the case last cited it was held that the limitation as to value has no tendency to exempt from liability for negligence; that it does not induce want of care, but exacts from the carrier the measure of care due to the value agreed on. The decision of that case was placed upon the distinct ground that such a contract is valid when fairly made, as a basis for a freight rate, and a proper and lawful mode of securing a due proportion between the amount for which the carrier may be re-

sponsible and the freight he receives, and of protecting himself against extravagant and fanciful valuations. The horses shipped were invoiced at about half their value. If there had been a total loss, the carrier would have been liable for but half their actual value. I think the rule holds good where there is a partial loss.

Judgment is therefore directed in favor of the plaintiff against the defendant for the sum of $230.24, together with interest thereon from the 7th day of August, 1911, the date of delivery of the animals by the defendant carrier to the plaintiff, together with costs. All concur, except MERRELL, J., who dissents, and votes for directing judgment for plaintiff for the amount of actual damages sustained, viz., $888.82.

---

### In re AN ATTORNEY. (No. 196.)

(Supreme Court, Appellate Division, Third Department. July 1, 1915.)

1. ATTORNEY AND CLIENT ⬅️38—UNPROFESSIONAL PRACTICE—EVADING STATUTE.

For an attorney, receiving claims for collection, to cause them to be assigned by the wholesale to a resident of a town adjoining the city, for the sole purpose of bringing suits before a justice therein, in evasion of Code Civ. Proc. § 2869, subd. 5, depriving a justice of a town adjoining a city of jurisdiction of an action brought against a resident of the city, unless plaintiff is a resident of the town, is unprofessional practice, though he does it merely because the fees of the justice are less than those of a city magistrate.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 51, 61; Dec. Dig. ⬅️38.]

2. CHAMPERTY AND MAINTENANCE ⬅️5—ATTORNEY—AGREEMENT AS TO COSTS.

For an attorney conducting a collection agency to have an understanding with clients that all claims will be put in judgment, and at his cost, if the claim is not collected, is within the spirit of Penal Law (Consol. Laws, c. 40) § 274, prohibiting an attorney from promising or giving any valuable consideration as an inducement to place, or in consideration for having placed, in his hands a demand for the purpose of bringing an action thereon, or of representing the claimant in the pursuit of any civil remedy for the recovery thereof.

[Ed. Note.—For other cases, see Champerty and Maintenance, Cent. Dig. §§ 24–51; Dec. Dig. ⬅️5.]

In the matter of an attorney. Conduct held improper.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

PER CURIAM. The attorney was notified informally that a complaint had been filed against him. He appeared before the court, and the court heard him fully, and also the complainants. The attorney accused evidently believes that he is fully justified in the practices he has pursued, and the important question is, not so much whether he should be disciplined or punished for any past act, but whether his conduct is professional and such as should be continued.

It is evident that the attorney is carrying on the collection agency.

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes