BENJAMIN LISSBERGER and Others, Copartners, Doing Business as B. LISSBERGER & Co., Respondents, *v.* BUSH TERMINAL RAILROAD COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, November Term — Filed December, 1922.

Carriers — railroads — bill of lading — Interstate Commerce Act — claim for damages for delay in delivery must be made within four months after delivery — action must be commenced within period of limitation prescribed by bill of lading — complaint dismissed on merits — appeal dismissed.

The shipment of a carload of scrap iron from Chicago, Ill., was made under the terms of a bill of lading issued by initial carrier under date of April 14, 1916. The carload was delivered to another carrier and on or about May 23, 1916, was delivered to the defendant as the connecting carrier at the point of delivery. The entire carload was delivered to plaintiffs by defendant at its terminal in Brooklyn, the point of destination, on August 30, 1916, and upon such delivery plaintiffs surrendered the bill of lading to defendant and did their own unloading. The bill of lading followed strictly the language of the Interstate Commerce Act. *Held*, that the failure of plaintiffs to make any claim in writing for damages for delay in transit within four months after the delivery of the shipment, was a complete bar to an action to recover damages for delay in the delivery of the shipment.

The action not having been commenced until more than three years after the delivery of the shipment to plaintiffs the two years' limitation prescribed in the bill of lading was also a bar to a recovery.

Judgment in favor of plaintiff reversed, with costs, and the complaint dismissed on the merits, with costs.

Defendant's appeal from an order denying a motion to vacate the judgment in favor of plaintiffs and to reopen the case for further proof dismissed.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, in favor of the plaintiff, rendered after a trial by the court without a jury, and also an appeal from an order denying the defendant's motion to vacate the judgment, and to reopen the case for further proof.

*Cohen, Gutman & Richter* (*Theodore B. Richter* and *Kenneth Dayton*, of counsel), for appellant.

*Almy, Van Gordon & Evans* (*William S. Evans*, of counsel), for respondents.

DELEHANTY, J.   The action was brought to recover damages for delay in the delivery of a carload of scrap brass, delivered to the plaintiffs at the defendant's terminal, in the borough of Brooklyn, New York city.   The defense pleaded sets up the failure of the plaintiffs to present a written claim to the carrier at the point of delivery, or at the point of origin, within four months after the delivery of the property, as prescribed in the bill of lading under which the shipment was made.

The defendant also pleaded the failure of the plaintiffs to commence their action within the period of two years after the delivery of the property as provided in the said bill of lading.

By stipulation and other record evidence the material facts were undisputed, and the appeal presents a question of law as to whether the said defenses were available and bar a recovery. The shipment in question originated in Chicago, Ill., where the initial carrier, the New York, Chicago and St. Louis Railroad Company, issued its bill of lading for the carload of scrap iron, dated April 14, 1916, under the terms of which the shipment was concededly made.   The carload of goods in question was delivered to the Erie Railroad Company which in turn delivered the same to the defendant on or about May 23, 1916, as the connecting carrier at the point of delivery.   The goods were delivered to the plaintiffs by the defendant at its terminal in Brooklyn, the point of destination, on August 30, 1916.   Upon such delivery to the plaintiffs they surrendered the bill of lading to the defendant.   The entire carload was delivered to the plaintiffs and it is undisputed that the plaintiffs did their own unloading.

The material provisions of the bill of lading are as follows:

" Except in cases where the loss, damage or injury complained of is due to delay or damage while being loaded or unloaded, o⁻

damages in transit by carelessness or negligence, claims must be made in writing to the carrier at the point of delivery, or at the point of origin, within four months after delivery of the property; or, in the case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed.

" Suits for recovery of claims, for loss, damage or delay shall be instituted only within two years after delivery of the property, or in case of failure to make delivery, then within two years after a reasonable time for delivery has elapsed."

It was undisputed that the plaintiffs never at any time presented any claim for delay to the carrier at the point of origin. The plaintiffs also never made claim in writing to the defendant, as the carrier at the point of delivery, for damages sustained because of delay in transportation, but insist, in substance, that under the terms of the bill of lading they were not required to present any claims for delay in transportation due to the negligence of the defendant; and also contend that they gave proper notice of their claim to the defendant. It was conceded that the only written claims made by the plaintiffs upon the defendant were letters demanding delivery of the shipment, and demanding payment for the entire loss thereof.

It is obvious that the letters to the defendant demanding delivery of the shipment, and payment for its total value because of its supposed non-delivery, cannot be construed in any way as a claim made in writing for damages sustained because of mere delay in the delivery of the shipment, for which this action was brought.

The contention of the plaintiffs that their claim comes within the excepted cases specified in the bill of lading so that they were not required to file any claim, is not well founded. An examination of the language of the bill, quoted above, shows clearly that the only cases in which notice is not required are (1) where the loss, damage or injury is due to delay or damage while being *loaded or unloaded;* and (2) where the shipment is " *damaged* in transit by carelessness or negligence."

The instant case does not fall within either of the two excepted cases. The plaintiffs did their own unloading, and no claim arises under the first class of cases. The second class of excepted cases, in which no notice is required to be filed, is clearly confined solely to claims for " injury " to a shipment " damaged in transit by carelessness or negligence " of the carrier.

In the instant case the claim is not one for damage in transit, but for delay in transit, and, therefore, a claim must be filed within the prescribed time of four months after delivery, even though the delay may have been due to negligence.

As the bill of lading in the case at bar followed strictly the language of the Interstate Commerce Act, the failure of the plaintiffs to make any claim in writing within the four months after delivery was a complete bar to this action. *Dodge & Dent Mfg. Co.* v. *Pennsylvania R. R. Co.*, 175 App. Div. 823, and cases therein cited, including *Davenport* v. *Chesapeake & Ohio Railway Co.*, 87 Misc. Rep. 303, decided by this court. Moreover this action was not commenced until May 24, 1920, more than three years after the delivery of the shipment, and the two years' limitation prescribed in the bill of lading would also be a bar to a recovery. *New York C. R. Co.* v. *Lazarus*, 278 Fed. Rep. 900; *Leigh Ellis & Co.* v. *Payne*, 274 id. 443; affd., 276 id. 400.

In view of the fact that the plaintiffs' claim had been barred by their failure to comply with the four months' limitation, prescribed in the bill of lading, long before the Federal control of the railroads, it becomes unnecessary to review the order denying defendant's motion to vacate the judgment and to open the case in order to show that the defendant never came under Federal control.

The judgment must be reversed, with thirty dollars costs, and the complaint dismissed on the merits, with costs; appeal from order dismissed.

GUY and BIJUR, JJ., concur.

Judgment reversed.