H. R. MALLISON & COMPANY, INC., Respondent, v. WILLIAM M. BARRETT, as President of the ADAMS EXPRESS COMPANY, Appellant.

First Department, February 5, 1926.

Carriers — carriers of goods — action to recover value of bale of silk lost in transit — bale was part of interstate shipment of five bales — plaintiff is estopped by its declared valuation from recovering actual value of bale lost — Interstate Commerce Act, Second Cummins Amendment, applied.

The plaintiff in this action to recover the value of a bale of silk lost in an interstate shipment of five bales, is estopped by its declared valuation of $1,375 for the five bales of silk, and, therefore, cannot recover $818.50, the actual value of the bale which was lost. (Interstate Commerce Act, Second Cummins Amendment, 39 U. S. Stat. at Large, 441, 442, chap. 301.)

MARTIN, J., dissents, with opinion.

APPEAL by the defendant, William M. Barrett, as president of the Adams Express Company, from a determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 8th day of January, 1925, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, First District, in favor of the plaintiff.

*Stockton & Stockton* [*George M. Billings* of counsel], for the appellant.

*Theodore L. Bailey* [*Loring R. Lecraw* with him on the brief], for the respondent.

CLARKE, P. J. The facts are sufficiently stated in the dissenting opinion of Mr. Justice MARTIN. The plaintiff is estopped (*Kansas City Southern R. Co.* v. *Carl*, 227 U. S. 639) by its declared valuation of the five bales of silk of $1,375. It cannot recover $818.50 for the loss of one bale. (*United Lead Co.* v. *Lehigh Valley R. R. Co.*, 156 App. Div. 525; affd., 215 N. Y. 751.) The determination

appealed from should, therefore, be modified by directing that the judgment of the Municipal Court be modified by reducing the amount thereof as entered to the sum of $377.34, and as so modified affirmed, with costs to the appellant in this court and in the Appellate Term.

DOWLING, FINCH and MCAVOY, JJ., concur; MARTIN, J., dissents.

MARTIN, J. (dissenting). This action was brought against the defendant, as president of the Adams Express Company, formerly a common carrier of express matter, for loss of part of a shipment moving in interstate commerce. The facts were stipulated.

On June 12, 1918, at Paterson, N. J., the plaintiff turned over to the express company five bales of silk consigned to a silk storage company at New York city. Four were delivered, the fifth being lost. The actual value of all five was $4,026; the value of the lost bale was $818.50. For all five $1,375 was the amount declared when the express company accepted the silk. The only amount declared was that placed on the five bundles as a whole. None was placed on any particular bale, nor was there stated any release value per unit, of weight or otherwise.

At the time when this statement was made the Adams Express Company had duly filed with the Interstate Commerce Commission and posted and published, according to law, schedules of rates and charges applicable to shipments of this character. Under these schedules the rate charged by the carrier for transportation of such property in interstate commerce was based upon and varied with the value of the shipment as declared by the shipper when the transportation contract was made. The lowest rate for transportation was based upon a valuation of $50 upon shipments of not over 100 pounds, or on a valuation of not exceeding 50 cents a pound for any shipment in excess of 100 pounds. For property valued in excess of such amount the defendant's schedules show an increase in rate of 10 cents for each $100 or fraction of excess over the same.

The plaintiff in this instance did not ship the silk under the basic valuation of fifty cents per pound, nor was the actual value stated.

The trial court granted judgment to the plaintiff for $818.50, being the full value of the lost unit of silk, plus interest.

The defendant argues that the amount of the judgment is excessive, contending that the respondent may not recover a greater proportion of the actual value of the lost bale of silk than the declared value of the entire shipment bears to the actual value of the entire shipment, or $279.51. The respondent asserts the right to recover the actual value of the lost bale of silk so long

as its actual value does not exceed the declared value of the entire shipment.

The questions here for review require the application of provisions of the Interstate Commerce Act, and are, therefore, controlled by the Federal decisions.

In *United Lead Co.* v. *Lehigh Valley R. R. Co.* (156 App. Div. 525; affd., 215 N. Y. 751) this court said: " Questions involving interstate commerce, as this one does, are regulated and controlled by the Federal statutes, and when they have been construed by the Supreme Court of the United States, such construction is binding upon the State courts. If that decision cannot be distinguished from this one, then it is in conflict with the last two authorities cited from the Supreme Court of the United States, and it is the duty of this court to follow such decisions instead of one of its own prior decisions in conflict therewith."

Section 20 of the Interstate Commerce Act (as amd. *infra*), which so far as here material has since been made subdivision 11 of section 20 of the Interstate Commerce Act (as amd. by Transportation Act, 1920 [41 U. S. Stat. at Large, 494], § 436 *et seq.*), of which the Second Cummins Amendment is a part, contains provisions from at least three congressional enactments — the Carmack Amendment of 1906, the First Cummins Amendment of 1915 and the Second Cummins Amendment effective in 1916.

The Carmack Amendment to the Hepburn Bill, amending the Interstate Commerce Act:

" Sec. 20.   *   *   *   That any common carrier, railroad, or transportation company [subject to the provisions of this Act] receiving property for transportation   *   *   *   shall issue a receipt or bill of lading therefor and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property   *   *   *   and no contract, receipt, rule, or regulation [or other limitation of any character whatsoever], shall exempt such common carrier, railroad, or transportation company from the liability hereby imposed   *   *   *." (34 U. S. Stat. at Large, 593, 595, § 7, amdg. 24 id. 386, § 20.) The words within the brackets *mutatis mutandis* were inserted by the First Cummins Amendment (*infra*).

The First Cummins Amendment:

" *   *   *   and any such common carrier, railroad, or transportation company so receiving property   *   *   *   shall be liable to the lawful holder of said receipt or bill of lading or to any party entitled to recover thereon, whether such receipt or bill of lading has been issued or not, for the full actual loss, damage, or injury to such property   *   *   *   notwithstanding any limitation of liability or limitation of the amount of recovery or representation

or agreement as to value in any such receipt or bill of lading, or in any contract, rule, regulation, or in any tariff filed with the Interstate Commerce Commission; and any such limitation, without respect to the manner or form in which it is sought to be made is hereby declared to be unlawful and void.   *  *  *." (38 U. S. Stat. at Large, 1196, 1197, chap. 176.)

The Second Cummins Amendment:

" Provided, however, That the provisions hereof respecting liability for full actual loss, damage, or injury  *  *  *,  shall not apply, first, to baggage  *  *  *;  second, to property, except ordinary live stock, received for transportation concerning which the carrier shall have been or shall hereafter be expressly authorized or required by order of the Interstate Commerce Commission to establish and maintain rates dependent upon the value declared in writing by the shipper or agreed upon in writing as the released value of the property, in which case such declaration or agreement shall have no other effect than to limit liability and recovery to an amount not exceeding the value so declared or released, and shall not, so far as relates to values, be held to be a violation of section ten of this Act to regulate commerce, as amended." (39 U. S. Stat. at Large, 441, 442, chap. 301.)

In *D' Utassy* v. *Barrett* (219 N. Y. 420) the Court of Appeals, in upholding the Declared Value Clause of the Interstate Commerce Act, said:  " The reason for the rule sustaining the declared and agreed valuation is to prevent fraudulent practices by shippers in obtaining a lower rate by under valuation.  *  *  *  While the rule should not be extended to permit a carrier to realize a profit by converting valuable shipments, such conversions are so unusual as to be almost negligible.  It would be unjust and contrary to the policy of the law to permit the agreed valuation to be overthrown for the purpose of enabling the shipper to obtain a recovery in excess thereof in a suit for loss or damage on any theory of trover or conversion for loss of goods by wrongful deliveries or acts of employees for their own benefit, based, not on the wrongful misconduct of the carrier as such, but on the act of the employee."

In that case it was not held that the loss should be apportioned as defendant desires here.  It was held that recovery was to be limited to the amount stated as the value by the shipper.  The act as now in force expressly provides that it " *shall have no other effect than to limit liability and recovery to an amount not exceeding the value so declared or released.*"

The loss is, therefore, not to be prorated, but is recoverable up to the agreed value of the whole consignment where the only value declared is that for the entire consignment, even though

the claim be for but a portion of the goods. This conclusion is supported by well-considered opinions in the following cases: *Wilson* v. *Adams Ex. Co.* (72 Penn. Super. Ct. 384); *Candee* v. *D., L. & W. R. R. Co.* (94 N. J. Law, 144; 109 Atl. 202); *Carleton* v. *Union Transfer & Storage Co.* (137 App. Div. 225); *Starnes* v. *Louisville & N. R. R. Co.* (91 Tenn. 516; 19 S. W. 675); *Central of Georgia R. Co.* v. *Broda* (190 Ala. 266; 67 So. 437); *Huguelet* v. *Warfield* (84 S. C. 87; 65 S. E. 985); *Chicago, I. & L. R. Co.* v. *Priddy* (65 Ind. App. 552; 115 N. E. 266, 270). A different view appears to have been taken in *Frank* v. *Michigan Central R. R. Co.* (169 App. Div. 69). But that case dealt with a situation which arose before the adoption of the statute in its form as quoted above, and, moreover, I take the view of the justice who dissented from the determination there reached.

As respondent points out, the only representation it made was to the aggregate of the five bales. Assuming it to be conceded that the silk was of like quantity and value in all the bales, nevertheless no such representation appears from the express receipt. Respondent cannot be estopped on the basis of a representation it never made. It never made any statement that the value of the bale subsequently lost was the amount to which defendant would have the judgment reduced.

The defendant appears to have been willing to accept the entire consignment at the stated aggregate valuation regardless of what any particular part might be worth. So far as defendant's representatives were informed or apparently concerned, one bale might have in money's worth constituted practically the entire shipment, or one bale might have been practically worthless.

The situation is entirely different where value is declared on a unit basis, as for example so much per hundred pounds or so much per piece or per head of cattle. In such a case the consignor is estopped from asserting any unit to have greater value than the per unit value declared.

Referring to a quotation in the brief for appellant from a memorandum handed down in one of these cases at the Appellate Term, it may be observed that nothing here said indicates that a carrier has not " the right * * * to have a partial loss pro-rated in accordance with the terms of its contract." (124 Misc. 359, 360.) The difficulty is that there was no such term in the contract.

The determination should be affirmed, with costs.

Determination modified as directed in opinion and as so modified affirmed, with costs to appellant in this court and in the Appellate Term.