MAVIS HOSIERY COMPANY, Plaintiff, *v.* PENNSYLVANIA TRANS-PORTATION CO., INC., Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, January 28, 1930.

*Theodore L. Bailey,* for the plaintiff.

*Emmet L. Holbrook,* for the defendant.

CHILVERS, J.   The plaintiff has not established that the shipment moved over a route other than the one usually followed by the defendant's trucks.   It has, therefore, failed to establish a deviation from the defendant's lines.   (*Goetze & Co.* v. *Beam's Own, Inc.*, 199 N. Y. Supp. 790.)

Leaving the truck unguarded was an act of negligence which is chargeable to the defendant.   But a limitation of the amount of liability, as distinguished from a limitation of liability, is valid even though negligence is not expressly mentioned.   (*Boyle* v. *Bush Terminal R. R. Co.*, 210 N. Y. 389.)

The question is resolved, therefore, into whether the recovery should be fifty dollars or twenty-five dollars, because just half the merchandise was undelivered.   The case of *Mallison & Co., Inc.*, v. *Barrett* (215 App. Div. 524) is authority for the lesser amount. That case was expressly based on the decision in *United Lead Co.* v. *Lehigh Valley R. R. Co.* (156 App. Div. 525), but in this last-mentioned case there was no apportionment made of a declared value; the contract limited the recovery to a hundred dollars a ton, and that was the recovery allowed.   It would seem that a declared valuation is not so much for the purpose of estopping the shipper from claiming a greater value of the merchandise as for the purpose of estopping him from claiming damages beyond that valuation. The second Cummins Amendment, as pointed out in the dissenting opinion in the *Mallison* case, provided that the limitation in the receipt has " no other effect than to limit liability and recovery to an amount not exceeding the value so declared."   The majority in that case, however, probably thought the words " not exceeding " important.   I should be inclined to agree with the excellent dissenting opinion, but the majority of a strong court in that case made the rules controlling here.

Judgment for plaintiff for twenty-five dollars, with interest thereon from November 28, 1928.