7346

HUGUELET v. WARFIELD *ET AL.*, RECEIVER.

1. CARRIER—FREIGHT—PENALTY—RECEIVERS.—Under a bill of lading of household goods valued at $5 per one hundred pounds, the limit of recovery of damages to a part of the shipment is the aggregate value of the shipment at the stipulated valuation.

2. IBID.—IBID.—IBID.—IBID.—The penalty for failure to adjust claims for damages to freight under 24 Stat., 81, may be collected of receivers of a railroad company appointed by United States Court, and suit may be brought without leave of the Court first had.

Before MEMMINGER, J., Abbeville, October term, 1908. Affirmed.

Action by J. G. Huguelet against S. Davies Warfield *et al.*, receivers of Seaboard Air Line Railway. From judgment for plaintiff, defendants appeal.

*Messrs. J. L. Glenn* and *Wm. P. Greene,* for appellants. *Mr. Glenn* cites: *Receivers are not liable to state penalties:* 99 U. S., 573; 15 L. R. A., 262; 177 U. S., 305; 5 Wheat., 76. *Action should not be brought without leave of the Court:* 104 U. S., 126; 45 Fed. R., 665; 59 Fed., 523; 149 U. S., 182; 81 Fed., 529; 135 Fed., 707; 61 Fed., 417.

*Mr. Greene* cites: *Extent of liability:* Hutch. on Carriers, sec. 429. *Receivers not liable for penalty:* 177 U. S., 305; 5 Wheat., 76; 152 U. S., 570.

*Mr. Wm. N. Graydon,* contra, cites: *Penalty may be recovered against receiver:* Code 1902, sec. 2025. *Admission by agent of filing of claim takes that issue to jury:* 74 S. C., 360; 72 S. C., 120; 79 S. C., 447. *Letter competent:* 75 S. C., 342; 1 Ell. on Ev., sec. 107; 29 S. E. R., 759.

October 27, 1909. The opinion of the Court was delivered by

Mr. Chief Justice Jones. Plaintiff brought this action against defendants as receivers of the Seaboard Air Line Railway Company, to recover one hundred dollars, as damages to a lot of household goods while in the possession of defendants, operating said railroad under an order of the Federal Court; and further, to recover the statutory penalty of fifty dollars, for failure to adjust and pay the claim within the period required.

The answer was a general denial. The verdict and judgment were for the plaintiff, and the defendants appeal.

Several of appellant's exceptions raise the point that plaintiff could not recover more than five dollars per hundred pounds on each article shipped. The bill of lading calls for "household goods, valued at $5.00 per 100 lbs.," shows aggregate net weight, 10,100 lbs., and contains a stipulation limiting recovery to the value as agreed upon. There was no specified value or weight of any particular article. The shipment being single, and the weight and value being stated in the aggregate, the limit of recovery for damage to such shipment was five hundred and five dollars. This construction may result in recovery for a partial loss as great as in case of a total loss, but that results because there is, in this case, no limitation of the common law liability for actual loss, except the limitation of recovery to $505 upon the shipment as a whole. This principle of construction was applied in *Winslow Bros. & Co. v. Railroad Co.,* 79 S. C., 344, 60 S. E., 709, wherein recovery was sustained for damage to a mule to the full amount of one hundred dollars, under contract limiting recovery to $100 per head. The Court, construing the contract, said: It "does not mean that you must start out with $100, as the actual value of each animal, and then estimate the injury by reference to a percentage of that value, but the inquiry is, how much was the particular animal injured by reference to its actual value when delivered to the carrier, subject to the limitation that recovery shall not exceed the sum stipulated." In that case the thing

valued was each animal; in this case the thing valued is the whole shipment of household goods—value ascertained by reference to its aggregate weight, at a rate of valuation per 100 lbs.

The Court, Judge Memminger, refused to instruct the jury that the fifty dollars' penalty could not be recovered against the defendants, as they were operating the Seaboard Air Line Railway as receivers and officials of the Federal Court, and charged that such recovery might be had if compliance had been made with the requirements of the statute in other respects.

Appellants contend that this point is controlled in their favor by the case of *U. S.* v. *Harris,* 177 U. S., 305, but we do not so hold.

In that case the Court, strictly construing the statute providing the penalty, held that a receiver, operating a railroad, did not fall within the meaning of "any company, owner or custodian of such animals, etc.," notwithstanding another Federal statute, August 13, 1888, 25 Stat. at L., 436, requiring "a receiver or manager in possession of any property to manage and operate such property according to the requirements of the valid laws of the State in which such property shall be situated in the same manner that the owner or possessor thereof could be required to do if in possession thereof, etc.;" and further permitting such receiver to be sued "in respect of any act or transaction of his in carrying on the business connected with such property without leave of the Court in which such receiver or manager was appointed, etc." That decision is controlling only so far as it construes the Federal statute. The South Carolina statutes leave no room to doubt their meaning. The penalty statute of 1903, 24 Stat., 81, makes "all common carriers, doing business in this State," liable to the penalty for noncompliance with its terms, and section 2025 of the Civil Code expressly provides: "When a railroad is lawfully maintained and operated by trustees or receivers, they shall

in like manner be subject to the duties, liabilities, restrictions and other provisions respecting or arising from the maintenance and operation of such railroad, which are attached in this chapter to the corporation for those stockholders or creditors, or either, whether they are trustees or receivers."

Receivers, operating a railroad, are common carriers, and are liable as such. *Ex parte Brown,* 15 S. C., 533 ; 2 Elliott Railroad, sec. 577 ; note to *Naglee* v. *Alexandria etc. Ry. Co.,* 5 Am. St. Rep., 314 ; *Fullerton* v. *Fordyce,* 121 Mo.. 1, Am. St. Rep., 516 ; *Dillingham* v. *Anthony,* 1 Tex., 3 L. R. A., 634.

While penal statutes must be strictly construed, the construction should not be so strict as to defeat the obvious purpose of the statute, which, in this case, is to make all common carriers, including receivers of common carriers, liable for the penalty.

It is further contended that judgment for penalty cannot be sustained for the reason that action was brought without previous leave of the Court appointing the receiver. It does not appear that this point was raised before or was ruled upon by the Circuit Court. The complaint did not allege that such permission had been given, and the defendant made no plea to the jurisdiction, but upon a general denial contested the case upon its merits. The Federal statute of 1887, as stated already, authorized suits against receivers without leave of Court, "in respect of any act or transaction of his in carrying on the business connected with such property." *Barton* v. *Barbour,* 104 U. S., 126, does not apply, as it was decided previous to the statute.

The failure to adjudge the claim for damage to freight, as required by the statute, was a breach of the common carrier's duty under the construction given of the statute in *Best* v. *Seaboard Air Line Railway,* 72 S. C.. 497, and *Seegars* v. *Seaboard Air Line Railway,* 73 S. C., 71, affirmed in 28 Sup. Ct. Rep., 28. The exception cannot be sustained.

The remaining exceptions, not disposed of by the foregoing, were not argued, and are not deemed to be of sufficient merit to require further notice.

The judgment of the Circuit Court is affirmed.