GREENFIELD v. WELLS FARGO & CO.

(Supreme Court, Appellate Term.   April 8, 1912.)

1. CARRIERS (§ 158*)—SHIPMENT OF GOODS—LIABILITY FOR LOSS—AMOUNT.

Where three articles shipped were covered by a shipping receipt providing that the express company should not be liable for more than $50, and "in case of partial loss or damage shall not be liable for more than such proportion of the same as $50 * * * bears to the actual value, if greater," and only one was lost, the shipper could recover only such proportion of $50 as the value of the article lost bore to the whole shipment.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 663–667, 699–703½, 708–710, 718, 718½; Dec. Dig. § 158.*]

2. CARRIERS (§ 163*)—SHIPMENT OF GOODS—ACTION FOR LOSS—BURDEN OF PROOF.

Where, in an action against an express, company for the loss of one of three articles shipped, the plaintiff introduces as the basis of his action the shipment receipt, which provides that in case of partial loss of the shipment he can recover only such part of $50 as the value of the part lost bears to the whole shipment, he must prove the relative value of the article lost to the value of the whole shipment.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 722–725; Dec. Dig. § 163.*]

Lehman, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Max Greenfield against Wells Fargo & Co.   From a judgment for plaintiff, defendant appeals.   Reversed, and new trial ordered.

See, also, 129 N. Y. Supp. 406.

Argued November term, 1911, before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Alexander & Green, of New York City (W. C. Prime and Ernest C. Morse, both of New York City, of counsel), for appellant.

Morris & Samuel Meyers, of New York City, for respondent.

PENDLETON, J.   The action is against an express company for loss of an article in transit.   The shipping receipt contained the following provision:

"The charge for carrying said property being based upon a valuation not exceeding fifty dollars, unless a greater value is declared, it is hereby agreed that the company shall not be liable in any event for more than fifty dollars unless a greater value is stated herein, and *in case of partial loss or damage, shall not be liable for more than such proportion of same as fifty dollars, or the value declared herein, bears to the actual value, if greater.*"

There were three articles covered by the receipt, two were delivered safely, and the third was not delivered, and for failure to deliver this the action was brought.

[1] Plaintiff proved at the trial the value of the articles lost and that such value exceeded $50, but did not prove the value of the rest of the shipment.   The defendant claims that the judgment for $50,

the maximum amount, was error, and the plaintiff was only entitled to such proportion of $50 as the value of the articles lost bore to the whole shipment. That this is so can scarcely be questioned. The plaintiff has therefore concededly recovered judgment for a larger amount than he is entitled to, and substantial justice would seem to require a new trial. The error was due to the failure to prove the facts necessary to fix the amount plaintiff was entitled to recover under the terms of the contract in the event of partial loss; that is, the relative value of the part lost to the value of the whole shipment.

[2] The burden of proof was upon the plaintiff to make out his case. That burden never shifts. He produced a written receipt or contract, which contained the terms of defendant's liability. Having thus proved the special contract, the burden still remained upon the plaintiff to show how much he was entitled to recover under its terms; and this is so, whether the contract is considered as fixing a measure of damages or limiting defendant's liability. His failure to do this cannot justify a judgment for an amount which on the evidence he was not entitled to.

It is needless to consider what would have been the rule, if plaintiff had made out a prima facie case without producing the written contract or receipt, and the defendant had introduced the special agreement, as matter of defense. Such was not this case. Plaintiff introduced as the foundation of his cause of action the written contract, and was bound to bring himself within its provisions if he was to recover at all. Having proved the special contract, he was bound to establish all facts necessary to fix defendant's liability.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

GIEGERICH, J., concurs.

LEHMAN, J. (dissenting). The plaintiff delivered to the defendant a trunk and two packages for shipment. One trunk and one package were delivered at the destination, but the other package was never delivered. The contract of carriage contained at the top a provision in large letters that:

"Charges are based upon value, and the liability of the company is limited to $50, unless a greater value is declared at the time of shipment."

In its body, in smaller letters, the contract contained a further provision:

"The charge for carrying said property being based upon a valuation not exceeding fifty dollars, unless a greater value is declared, it is hereby agreed that the company shall not be liable in any event for more than fifty dollars unless a greater value is stated herein, and in case of partial loss or damage shall not be liable for more than such a proportion of same as fifty dollars, or the value declared herein, bears to the actual value, if greater."

The plaintiff showed that the value of the lost package was over $50, and the trial justice held that under the contract his recovery was limited to this amount. He does not appeal from the judgment; but the defendant claims that the judgment is contrary to law, because the loss was only a partial loss, and that it is only liable for the

proportion of such loss that the sum of $50 bears to the value of the entire shipment. In other words, the claim of the defendant is that the parties agreed that the value of the entire shipment was fixed at $50. The plaintiff can therefore not recover for a partial loss more than the proportion which such loss bears to the value of the entire shipment, which the parties agreed was worth only $50.

There is no doubt but that, in the absence of any limitation of liability in the contract, the defendant would be liable for the whole value of the goods lost. The parties, however, have a right to agree upon the value, and thereby to limit the liability which the defendant assumes by its contract of carriage. By agreeing that the goods are worth only $50, the plaintiff is estopped from claiming that he has lost more than that sum. In the absence of any agreement, however, providing that the defendant should be liable in case of partial loss for only a proportionate sum, we should not construe the limitation of liability for partial loss to a proportionate part of the value of the shipment. The courts have never held that the agreement upon a value of $50 is a warranty that the goods are not worth a larger sum. It is merely the figure which the parties have agreed shall represent the limit of liability. The rule is stated in American and English Encyclopædia of Law (2d Ed.) vol. 5, page 335:

"The effect of the stipulation is not to fix a limit in case of loss and a proportionate limit in case of injury, but to fix an amount which shall be the limit of recovery, whether for loss or injury."

There does not seem to be a case construing the limit of liability as a warranty which estops the shipper from claiming to the full amount of the damage upon a partial loss except the case of Meyer v. Weir, reported in the New York Law Journal (April 23, 1908, page 359). The opinion in that case is written by a justice of the Municipal Court, and, while I recognize the cogency of the reasoning, I believe it is contrary to the settled trend of decisions in all jurisdictions of the country, and is based upon the erroneous theory that the special agreement provides for a new measure of damages rather than for a limitation of liability.

In this case, however, the contract specifically provides that in case of partial loss the company shall be liable only for a proportionate amount based upon a total valuation of the shipment at the sum of $50. Conceding, without deciding, that this further limitation in the body of the instrument is valid, in spite of the prominence given to the provision in larger and blacker letters at the top of the contract, which does not contain the further limitation, we must endeavor to give it the effect which the parties intended it should have. That effect, I believe, was merely to further limit the liability of the defendant, but not to furnish a new measure of damages. The plaintiff could still proceed as at common law to show the damages which he has sustained, and the defendant could then show that this liability was limited by special agreement. The burden of proving the limitation was upon the defendant.

The defendant has shown in this case the special agreement, but it has failed to show the value of the part of the shipment not lost. The measure of damages is still the actual loss, but the liability of

the defendant is limited by the agreement. The limitation to the amount of $50 was clearly shown; but, in the absence of proof of the value of the property delivered to the plaintiff, there was no evidence upon which the trial justice could determine the amount of the further limitation in case of partial loss. It was the duty of the defendant to show the amount of this limitation.

The judgment for $50 and costs, in my opinion, is therefore correct, and should be affirmed, with costs.