# Central of Ga. Ry. Co. *v.* Broda.

### *Damages for Injury to Goods.*

(Decided November 7, 1914. Rehearing denied December 17, 1914. 67 South. 437.)

1. *Appeal and Error; Harmless Error; Pleading.*—Where the matter in the pleas to which demurrers were sustained was presented by other pleas to which no demurrers were sustained, the sustaining of demurrer was harmless.

2. *Carriers; Goods; Limiting Liability; Interstate Commerce.*—A carrier of goods in interstate commerce may limit its liability for injury to the goods through its negligence by a contract fixing the

[Central of Ga. Ry. Co. v. Broda.]

agreed value of the goods between itself and the shipper in the form prescribed by rule 6 of the Interstate Commerce Commission, but not by a mere stipulation in the bill of lading.

3. *Same; Construction of Contract.*—Where the action was against a railroad for injuries to goods in transit under contract in the form prescribed by rule 6 of the Interstate Commerce Commission, limiting their value as to shipper and carrier to $100 in case of injury, a contention that if only part of the goods are injured, plaintiff's recovery is limited to that proportional part of $100 is unsound; such contract limiting liability being construed strictly against the carrier, and a failure of proof as to the relation of the amount of the value of the injured goods to that of the total shipment being immaterial.

4. *Same; Representation as to Contents; Effect.*—Where the agent of plaintiff misrepresented to the carrier's agent, in order to obtain a reduced freight rate thereon, the contents of the package, the plaintiff cannot recover therefor.

5. *Charge of Court; Directing Verdict.*—Where the evidence is in conflict, the cause must be determined by the jury, and the court cannot properly direct a verdict.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON.

Action by Mrs. J. Broda against the Central of Georgia Railway Company, for damages to goods. Judgment for plaintiff, and defendant appeals. Affirmed.

Transferred from the Court of Appeals under the act creating said court.

LONDON & FITTS, and W. S. BROWER, for appellant.

SAMUEL B. STERN, for appellee.

MAYFIELD, J.—This action is by a shipper against a common carrier, to recover damages for injury to a shipment of freight. The shipment was interstate—from Columbus, Ga., to Birmingham, Ala. It consisted of household goods. The shipper was moving from the one point to the other. The goods were crated or packed in a number of packages, and were mentioned in the bill of lading as: 1 dresser, 1 chiffonier, 3 boxes household goods, 5 barrels crockery, etc. The complaint

claimed damages for injury to one barrel of crockery or cut-glass ware. The form of the action was in case, as for negligence in transporting or delivering—a breach of duty growing out of the contract of shipment of the common carrier. The defendant pleaded the general issue, and several special pleas setting up fraud on the part of the shipper as to the contents of the packages shipped, whereby she obtained rates less than the regular rates charged for the transportation of such goods, contrary to the acts of Congress. The bill of lading gave the weight of the entire shipment as 2,000 pounds, and stated the rate at 49 cents per hundred weight. The entire shipment was valued at $100. The five barrels of crockery were not valued or weighed separate from the other articles shipped.

The provision of the contract of shipment specially relied upon were as follows: "The value of the shipment covered by this contract is fixed by shipper at one hundred dollars ($100.00) which is accepted by the carrier as the real and true value thereof and the rate of freight is charged in accordance therewith, and the carrier assumes liability only to the extent of such valuation and no further."

The defendant also relied upon certain rules of the Interstate Commerce Commission as to interstate shipments, establishing tariffs and rate therefor. Among these rules are rules Nos. 4, 6, and 264. Rule 4 is as follows: "Note 4. Where the goods tendered are of such character that the shipper desires the reduced rating based upon agreed value, a statement to that effect must be written out or stamped in full upon the bill of lading at time of shipment and shipper required to accept in writing the value expressed. (See General Rule 6.) Where shippers do not desire to avail themselves of reduced ratings, based upon expressed value, notation to

that effect should be inserted on the bill of lading by the agent at the time of shipment."

Rule 6 is as follows: "Where the classification provides for reduced rate, based on a certain fixed valuation, the following special release, containing the agreed valuation, must be written and signed by the shipper or owner upon the face of the bill of lading or shipping receipt: 'The value of the shipment covered by this contract is fixed by the shipper at $——; which is accepted by the carrier as the real and true value thereof, and the rate of freight is charged in accordance therewith, and the carrier assumes liability only to the extent of such valuation and no further."

Rule 264 is as follows: "Packages containing articles of more than one class the rate is for the highest class on packages containing more than one class."

(1) The trial court sustained a demurrer to plea 3, but overruled the demurrers to other special pleas setting up the same, or substantially the same, facts, that are contained in plea 3. If there was error in sustaining the demurrer to plea 3, it was without possible injury.

The trial resulted in a verdict and judgment for the plaintiff for $75, from which judgment this appeal is prosecuted.

There was no evidence to support the plea as to fraud on the part of the plaintiff—the making of false representations touching the contents of the packages. In fact, all the evidence rebuts all inferences as to fraud in the respect alleged in the plea. Consequently, there can be no error in the refusal of charges on this phase of the case.

The trial court, by instructions, limited the amount of recovery to $100, the estimated value specified in

the contract of shipment; and the jury found for $75 only, thereby eliminating all questions as to a recovery in excess of the $100 agreed on.

(2) The trial court at the request of the plaintiff charged the jury as follows: "I charge you that the defendant cannot limit its liability for the negligence of itself or its servants in and about the transportation and delivery of the plaintiff's goods and effects, by a stipulation in a bill of lading to that effect and if you are reasonably satisfied from the evidence that the defendant was negligent in the transportation and delivery of the goods in question in this suit, and that as a proximate result thereof the plaintiff suffered damage, then you are authorized to award the plaintiff such damages as from the evidence you are reasonably satisfied she has so suffered, regardless of the valuation in the bill of lading or the true value of all the goods and effects shipped by plaintiff over defendant company's railroad.

"I charge you that if you find in favor of the plaintiff you are authorized to award such damages as the plaintiff has, from the evidence in this case, reasonably satisfied you she has suffered, not exceeding the amount of $100, regardless of the valuation in the bill of lading in evidence or the true value of the goods and effects shipped by plaintiff over the defendant company's railroad."

There was no error in the giving of either of these instructions. The first charge has been so repeatedly held to be the law as to special contracts of shipment, as applied to both state and federal laws, that it is unnecessary to cite authorities to support it.

The second charge was unquestionably correct, as applied to the issues and the evidence in this case.

(3) The defendant insisted, on the trial in the lower court, and renews his insistence here; that the plaintiff's recovery should be limited by the proportion which the value of the injured or damaged property—to wit, one barrel of crockery—bears to the value of the whole shipment; its theory being that the amount of recovery is not only limited by the contract to $100, the estimated and agreed value of the whole shipment, but to the proportionate value of the damaged articles to that of the whole shipment.

We cannot agree to this construction of the contract. The rule of construction as to such special contracts of shipment, and as to provisions of general contracts of shipment limiting the liability of the carrier, is that they are to be construed strictly against the carrier, and liberally in favor of the shipper.—*L. & N. R. R. Co. v. Touart*, 97 Ala. 514, 11 South. 756; *L. & N. R. R. Co. v. Meyer*, 78 Ala. 600; Moore on Carriers (2d Ed.) p. 517. The courts are not uniform in their construction of the provision of contracts limiting liability. Mr. Moore (Carrier, p. 517) says: "In some jurisdictions the carrier is liable for the actual damages to property injured in transportation, not exceeding the sum named in a stipulation in a contract of shipment limiting its liability and fixing such sum as their value, although the property in its damaged condition sold for more than such sum, while in others the shipper is only entitled to recover as damages for the injury an amount bearing the same proportion to the actual damages that the stipulated value bears to the actual value."

The author cites decisions of the courts of Tennessee and Georgia, holding against the proportionate limitation, and one, of the Supreme Court of Arkansas, holding in favor thereof.

We are inclined to hold with the courts of Tennessee and Georgia—which line of decisions the trial court evidently· followed in this case.

Mr. Hutchinson states both rules, and declares a preference for the rule which limits the liability to the proportionate value, but we do not agree with him in this; certainly not when the contract reads as does the one in this case, and the evidence is as it is here. See Hutchinson on Carriers, § 429.

Following this line of decisions, it was immaterial that the proof failed to show what proportion the value of the damaged or injured goods, bore to the value of the whole shipment. The proof did show, or tend to show, that the damages to a part of the shipment amounted to more than $100; but the court limited the amount of recovery to $100, and the jury found for less, viz., $75. While the proof showed that some of the goods injured were cut glass, and that the rate on cut glass was greater than that on crockery, as it was billed and rated, the proof tends to show that this was fairly agreed on, and that no fraud was thereby practiced on the carrier, and that the parties were bound by the contract.

(4) Morevover, the court fairly and correctly charged the jury on this phase of the case as follows: "If you are reasonably satisfied from the evidence that the plaintiff's agent in Columbus, Ga., knew that one of the barrels contained cut glass and falsely represented to the agent of the defendant that it contained crockery, in order to obtain and thereby did obtain a lower rate of freight than she would have obtained if they had clearly declared the contents of the barrel, then your verdict must be for the defendant."

[Birmingham Ry. L. & P. Co. v. Hass.]

There was no error in refusing any one of the defendant's requested charges, even if they were properly insisted upon.

(5) No one of the defendant's pleas was proven without conflict, and therefore defendant was not entitled to the affirmative charge as to any one of them.

We find no error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and DE GRAFFENRIED, JJ., concur.