[No. 12910. Department Two. February 21, 1916.]

BERTRAND P. CASTNER, *Respondent*, v. OREGON-WASHINGTON
RAILROAD & NAVIGATION COMPANY, *Appellant*.[1]

CARRIERS—CARRIAGE OF LIVE STOCK—NOTICE OF CLAIM. Presenta-
tion of a claim for injuries to stock, called for in the contract of
carriage, is not a condition precedent to action, where, upon com-
plaint of injury en route, the railroad company caused the stock to
be unloaded and examined by veterinary surgeons to determine the
extent of the injury; since the company received the protection ac-
corded by the stipulation in the contract of carriage that all claims
for loss or damage are waived unless presented within ten days from
the date of unloading of the stock at destination and before mingling
with other stock, and therefore cannot complain of want of notice.

SAME—CARRIAGE OF LIVE STOCK—LIMITED LIABILITY—APPORTION-
MENT. Under a limited liability live stock contract of carriage, agree-
ing that the value of the live stock transported shall not exceed $30
per head, and in no event shall the carrier's liability exceed $1,000,
injury to any animal may be recovered to the extent of $30, whether
entirely destroyed or not, and the carrier is not entitled to have the
damages reduced to a proportionate part of the agreed value of $30
per head.

Appeal from a judgment of the superior court for King
county, Frater, J., entered February 20, 1915, upon the ver-
dict of a jury rendered in favor of the plaintiff, in an action
in tort. Affirmed.

*Bogle, Graves, Merritt & Bogle* and *Carroll A. Gordon*, for
appellant.

*Sherwood & Mansfield*, for respondent.

MAIN, J.—This action was brought to recover damages
for injuries to cattle which, on December 17, 1913, were
shipped from Gilberts, Illinois, to Monroe, Washington.
The cattle thus shipped consisted of one carload of cows,

[1]Reported in 155 Pac. 167.

which in transit passed over the lines of three forwarding carriers and came into the possession of the Oregon-Washington Railroad & Navigation Company at Huntington, Oregon. From there the car was moved by that company to Spokane, Washington, where it was delivered to the Great Northern Railway Company for transportation to Monroe.

The injury complained of is said to have occurred as a result of the careless and negligent switching of the car in the defendant's yards at Spokane. After the drover, who accompanied the shipment, claimed that the cows were injured during the switching at Spokane, they were unloaded there. After the unloading, at the instance of the railroad company, two veterinary surgeons examined them as to the nature and extent of their injuries. They were subsequently reloaded and conveyed to Monroe.

The contract under which the shipment was made contained a provision that unless claims for loss or damage were presented within ten days from the date of the unloading of the stock at destination, and before such stock had been mingled with other stock, all claims would be waived; and also a provision which limited the liability of the carrier for loss or damage.

The cause was tried to the court and a jury, and a verdict was returned in favor of the plaintiff in the sum of $240. Motion for judgment notwithstanding the verdict being overruled, judgment was entered upon the verdict. The defendant appeals.

The record presents two material questions: First, Can the respondent recover notwithstanding the fact that he failed to give the notice required by the contract? and second, What was the extent of the carrier's liability?

I. It is not claimed in this case that the notice provided for in the contract was given in substance or at all. A carrier may, by stipulation in the contract of shipment, provide that notice of any claim for loss or damage be given the shipper within a reasonable and prescribed time, and in a

certain manner, as a condition precedent to liability for loss. *Henry v. Chicago, Milwaukee & Puget Sound R. Co.*, 84 Wash. 633, 147 Pac. 425. The purpose of such notice is to enable the carrier, when a claim of loss for damage is presented, to investigate the nature and extent of the injury to the article which is the subject of the contract of carriage. Where the carrier has made an examination of the nature and extent of the injury claimed, the purpose of requiring notice has been accomplished and the same protection has been afforded as though the notice had been given. *Atchison, T. & S. F. R. Co. v. Wright*, 78 Kan. 94, 95 Pac. 1132.

In this case, when complaint was made that the cattle had been injured, the railroad company caused two veterinary surgeons to examine them and thus determine the nature and extent of the injuries, if any. Having availed itself of the opportunity thus afforded to make an examination, it has received the protection which was the purpose of the notice to the same extent as though notice had been in fact given.

The case of *Henry v. Chicago, Milwaukee & Puget Sound R. Co., supra*, is easily distinguishable from this, so far as the question of notice may be involved. In that case, no notice was given. Neither did the carrier have any opportunity to make an investigation as to the nature and extent of the injury which it was claimed the stock had received. Here, while notice was not given, the carrier had the same opportunity to make the investigation as it would have had if the notice had been given, and made an investigation as to the nature and extent of the injuries claimed.

The case of *Kidwell v. Oregon Short Line R. Co.*, 208 Fed. 1, is not controlling. There the person in charge of the stock told a number of agents along the line that he intended to put in a claim for damages because the cattle had been handled badly. No claim was presented as required by the contract. Neither did the carrier have opportunity to examine the cattle as to the nature and extent of the injuries claimed, as in this case.

II.    Shipment in this case was made under what is known as a limited liability livestock contract.    This contract provided that it was expressly agreed that the value of the livestock to be transported should not exceed $30 per head; and that "in no event shall the carrier's liability exceed $1,000."

The appellant construes the contract as fixing absolutely the value of the cows at $30 per head, and that, if any cow in the shipment was injured or damaged, but the injury or damage did not entirely destroy the value of such cow, then the amount of recovery would be such proportion of the agreed value of $30 as the actual damage bears to the actual value.    The effect of this construction would be that, if the actual value of a particular cow were $100, and the extent of the damage were $50, the amount of recovery would be limited to $15.    The respondent construes the contract as fixing the measure or extent of the carrier's liability.    According to this view, if the cow were worth $100, and the damage were $50, the amount of recovery would be $30.

Contracts containing provisions similar to this one have been before the courts for construction, and the view is generally entertained that such stipulations are to be construed as permitting recovery for damage actually done, the amount recoverable not to exceed the sum stated in the contract. *Nelson v. Great Northern R. Co.*, 28 Mont. 297, 72 Pac. 642; *United States Express Co. v. Joyce* (Ind.), 72 N. E. 865; *Illinois Cent. R. Co. v. Wilson & Co.* (Tenn.), 176 S. W. 1036; *Huguelet v. Warfield*, 84 S. C. 87, 65 S. E. 985.

In 4 R. C. L. p. 793, the rule upon this question is stated thus:

"Where it is provided in the bill of lading that the amount recoverable in case of 'loss or damage' shall not exceed a specified sum, the question arises as to the amount recoverable where the article is not lost, but merely injured.    The parties may, of course, by express provision to that effect, stipulate that in case of partial loss the damages shall be proportioned on the basis of the sum named as the maximum limit, and ef-

fect will be given to such a stipulation. But where this is not done, the question becomes one of construction, and very generally the view is entertained that such stipulations are to be construed as permitting recovery for the damage actually done, the amount recoverable, however, not to exceed that agreed upon as compensation for a total loss."

Some other questions are raised by the appellant's brief, and while they have all been considered, they do not possess that degree of merit which would call for their detailed discussion.

The judgment will be affirmed.

MORRIS, C. J., PARKER, HOLCOMB, and FULLERTON, JJ., concur.