CHARLES S. CANDEE, JR., RESPONDENT, v. DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, APPELLANT.

Submitted December 8, 1919—Decided March 1, 1920.

Where a shipment of a carload of household goods weighing twelve thousand pounds, and of a value not exceeding $1,200 as "stated for the purpose of enabling the carrier to apply the proper published rate," is partially damaged or destroyed through the carrier's negligence, and the bill of lading contains no limit of recovery in case of loss or damage and no statement as to any ratio of recovery in case of partial loss or damage, the amount of the shipper's recovery depends upon proof of his actual loss or damage within the limits of the declared value of the entire shipment, and not upon the ratio the weight of the articles destroyed or damaged bore to the entire shipment.

On appeal from the Supreme Court.

For the appellant, *Frederic B. Scott.*

For the respondent, *Frederick N. Eberhard* and *Leon Abbett.*

The opinion of the court was delivered by

TRENCHARD, J.   On June 11th, 1917, Charles S. Candee, Jr., caused to be delivered to the Delaware, Lackawanna and Western Railroad Company at Syracuse, New York, some household goods to be carried by it to him in Brooklyn, in consideration of the freight charges then paid to the railroad company.

Some of the goods so shipped were delivered in due course uninjured; others of the shipment were destroyed, and some others were damaged, through the negligence of the railroad. Candee brought this suit to recover the consequent damages, and the trial judge, at the Hudson Circuit, sitting without a jury, on an agreed state of facts, rendered judgment for the plaintiff and the defendant appeals.

We are of the opinion that the appeal is without merit.

Before stating the contention of the defendant, which relates solely to the amount of the damages, we will state more fully the facts.

The shipment consisted of furniture, mirrors, glassware, and the like. It was an interstate shipment, the rail route being via Pennsylvania and New Jersey. When the goods were delivered to the defendant company by the plaintiff, he received a bill of lading from which it appears that they were all put in one car and that their weight was twelve thousand pounds. Upon this bill of lading there is a declaration signed by the plaintiff's agent that "the value of this shipment does not exceed ten (10) dollars per one hundred (100) pounds, and is stated for the purpose of enabling the carrier to apply the proper published rate." There was no statement in the bill of lading as to any limit of recovery in case of loss or damage, and no statement as to any ratio of recovery in case of

partial loss or damage. The agreed state of the case shows that "the filed tariff rate covering the shipment of goods in question was 31.5c. per one hundred pounds," and that the plaintiff paid $37.80, the amount demanded. It was further agreed that the value of the goods totally destroyed was $335; that it would cost the plaintiff to repair the goods damaged (not destroyed) $468. The trial judge accordingly awarded the plaintiff $803.

Now, the contention of the defendant is stated in its request (refused by the trial judge), which was as follows:

"Inasmuch as the defendant conceded liability it asks the court that judgment be given against it for six cents or nominal damages, for the reason that the basis for ascertaining damages is fixed and figured on an agreed valuation of ten dollars per hundred pounds, and there is no evidence, attempt to prove or stipulation of fact as to the weight of any article destroyed or damaged, and there is no evidence, attempt to prove or stipulation of fact as to the total weight of all the articles destroyed or damaged, or no attempt to prove, evidence or stipulation of fact as to what ratio with respect to their weight the goods destroyed or damaged bears to the entire shipment, and under these circumstances there is nothing upon which the court can proceed to figure, ascertain or assess any but nominal damages."

We think the request was properly refused because the contract placed no such limit upon the right of recovery.

We have pointed out that the shipment was not a homogeneous one, but rather consisted of various articles of household goods; that the entire shipment weighed twelve thousand pounds; that some of the goods were delivered uninjured, some were damaged and some were totally destroyed. The value of the goods as stated in the bill of lading was not exceeding $1,200 and was "stated for the purpose of enabling the carrier to apply the proper published rate." There was no statement in the bill of lading as to any limit of recovery in case of loss or damage, and no statement as to any ratio of recovery in case of partial loss or damage. In such circumstances the amount of the plaintiff's recovery depends upon

proof of his actual loss or damage, within the limits of the declared value of the entire shipment, and not upon the ratio the weight the articles destroyed or damaged bore to the entire shipment. *Central of Georgia Railway Co.* v. *Broda;* 67 *So. Rep.* 437; *Chicago, I. & L. Ry. Co.* v. *Priddy,* 115 *N. E. Rep.* 266; *Carleton* v. *New York Central and Hudson River Railroad Co.,* 117 *N. Y.* 1021; *affirmed,* 137 *App. Div.* 225; *Hugulet* v. *Marfield,* 65 *S. E. Rep.* 985.

The recovery in the present case was well within that rule. The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACK-ERSON, JJ. 14.

*For reversal*—None.