H. R. MALLISON & Co., Respondent, *v.* WILLIAM M. BARRETT, as President of the ADAMS EXPRESS COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, January 8, 1925.

Carriers — liability for goods lost in transit — Second Cummins Amendment (39 U. S. Stat. at Large, 441, 442) did not affect right of carrier to have partial loss prorated in accordance with terms of contract limiting liability — bill of lading stated value of property in lump sum — shipper entitled to full value of lost property.

While the Second Cummins Amendment (39 U. S. Stat. at Large, 441, 442) does not affect the right of a carrier to have a partial loss of goods prorated in accordance with the terms of its contract with the shipper, a judgment for the full value of the lost property should be affirmed where the bill of lading contained no stated ratio but set out the value of the property in a lump sum.

APPEAL by defendant from a judgment of the Municipal Court of the City of New York in favor of the plaintiff in the sum of $1,104.98 rendered by the court after a submission on stipulated facts.

*Stockton & Stockton* [*George M. Billings* of counsel], for the appellant.

*Theodore L. Bailey* [*G. E. Smith* of counsel], for the respondent.

PER CURIAM:

The Second Cummins Amendment (39 U. S. Stat. at Large, 441, 442, chap. 301), referred to in points of counsel, did not affect the right of a carrier to have a partial loss prorated in accordance with the terms of its contract with the shipper limiting its liability upon the basis of the declared value of the property.

However, in this case there was no stated ratio, the value being stated in a lump sum. We are of opinion that the plaintiff is entitled to recover the full value of the lost property. (*Candee v. D., L. & W. R. R. Co.*, 94 N. J. Law, 144; 109 Atl. 202; petition for writ of certiorari denied, 253 U. S. 490.)

Judgment affirmed, with twenty-five dollars costs.

All concur; present, GUY, O'MALLEY and LEVY, JJ.