CHENANGO TEXTILE CORPORATION, Plaintiff, *v.* JOHN WILLOCK, Doing Business under the Name and Style of SCRANTON-NEW YORK AUTO EXPRESS, Defendant.

First Department, May 29, 1936.

*T. L. Bailey* of counsel [*Julius F. Steinbrenner* with him on the brief; *Bailey & Muller*, attorneys], for the plaintiff.

*Arthur W. Clement* of counsel [*Bigham, Englar, Jones & Houston*, attorneys], for the defendant.

COHN, J. On December 27, 1933, defendant, a common carrier, pursuant to a written contract, undertook to carry for plaintiff by auto truck from Binghamton, N. Y., to Paterson, N. J., a shipment of 27,264.9 yards of silk made up in nine packages and six bags, which at the point of shipment and destination were of the total market value of $18,267.48. Plaintiff declared $13,650 as the value of the shipment. Defendant's charges for transportation were based upon this declared valuation and amounted to $47.49, made up of $33.84 freight charges computed on the weight of the shipment and $13.65 based on plaintiff's declared valuation of $13,650, at ten cents per hundred dollars.

The six bags, containing 12,347.7 yards of the market value of $9,597.24, were safely delivered. However, the nine packages, totaling 14,917.2 yards, of the value of $9,994.55, were damaged by fire at Scranton, Pa., to the extent of $8,690.24.

The shipping contract, which was prepared by the carrier, contained the following provision: " 1. In consideration of the rate charged for carrying said property which is dependent upon the value thereof, the company's liability shall not exceed Fifty Dollars ($50.00) for any shipment unless a greater value is declared at the time of shipment, in which event, the company's liability shall be limited to the amount so declared. The company shall be liable for the value of goods shipped within the aforesaid limitations and subject to the terms of this contract."

The controversy submitted for determination is whether, upon the foregoing facts, plaintiff is entitled to recover the amount of its actual loss, namely, $8,690.24, or whether, as defendant asserts, plaintiff may recover only .13,650/18,267.48 of its loss of $8,690.24, to wit, $6,493.60, which sum represents that proportion of the actual loss which the declared value bears to the actual value.

Plaintiff urges that it is entitled to recover its actual damages, as such amount does not exceed the declared value of the shipment. Defendant contends that plaintiff, having understated the value of the entire shipment, thereby having evaded payment of full charges, is now estopped from recovering more than that proportion of its partial loss which the declared value of the entire shipment bears to the true value thereof.

For damages resulting from the negligent loss of goods a carrier under the common law is liable for their market value at the point of destination. (*Straus & Co., Inc.*, v. *Canadian Pacific Railway Co.*, 254 N. Y. 407, 416; *St. Johns N. F. Shipping Corp.* v. *Companhia Geral, etc.*, 263 U. S. 119; *Union Pacific R. R. Co.* v. *Burke*, 255 id. 317.) In the absence of a stipulation in the contract of carriage plaintiff would accordingly be entitled to recover its actual damages computed on the basis of the market value at destination.

The right of a carrier to limit its common-law liability for loss of property transported by special contract with the shipper is generally recognized where, as here, a lower rate of transportation upon an agreed valuation is afforded the shipper upon condition that liability should be limited to such valuation. (*Kilthau* v. *International Mercantile Marine Co.*, 245 N. Y. 361; *Boyle* v. *Bush Terminal R. R. Co.*, 210 id. 389; *Magid* v. *Campagnie Generale Transatlantique*, 233 App. Div. 515; affd., 259 N. Y. 529; *Union Pacific R. R. Co.* v. *Burke*, 255 U. S. 317; *Kansas City So. R. Co.* v. *Carl*, 227 id. 639; *Hart* v. *Pennsylvania R. R. Co.*, 112 id. 331.)

The rights and liabilities of the parties must be determined by the provisions of the agreement between them. Concededly the printed shipping receipt was prepared by defendant, and under well-settled principles of law any ambiguity in the terms of the

contract must be resolved against it, particularly where it seeks to deprive the shipper of its common-law measure of damages. (*Hoye v. Pennsylvania R. R. Co.*, 191 N. Y. 101, 105; *Galloway v. Erie R. R. Co.*, 116 App. Div. 777; affd., 192 N. Y. 545; *Inland Waterways Corp. v. Hallet & Carey Co.*, 52 F. [2d] 13.)

The contract provides that the rate charged is dependent upon the value of the property, and that where a greater value than fifty dollars is declared at the time of shipment the company's liability " shall be limited to the amount so declared," which, in this case, is $13,650. It further sets forth that the company " shall be liable for the value of the goods shipped within the aforesaid limitations and subject to the terms of this contract." This agreement should be construed to mean what it says, namely, that a recovery up to the amount declared may be had in case of loss and that a recovery above the amount declared may not be had under any circumstances. Such a construction is fair and equitable to both parties. The shipper is estopped from claiming a recovery for damage, however great, in excess of the amount named in the shipping receipt, and the carrier may not deny liability for actual damage up to that sum. Here plaintiff's actual loss of $8,690.24 is within the limitation fixed by the terms of the agreement. That amount it is entitled to recover. To read into this contract a clause that the shipper may only recover, as defendant insists, " that portion of. the actual loss which the declared value bears to the actual value when the loss is a partial one " would be tantamount to writing out for the parties a contract different from the one which they themselves have made.

Without a doubt plaintiff and defendant might have expressly stipulated that in case of partial loss the recovery should be such proportion of the agreed valuation as the actual loss bears to the actual value of the goods shipped. No such stipulation is stated in the contract between the parties. A provision of this kind, sometimes denominated a " prorating clause," has been frequently employed in shipping contracts and has been consistently upheld. (*St. Louis, I. M. & S. R. v. Lesser*, [1885] 46 Ark. 236; *Greenfield v. Wells Fargo & Co.*, [1912] 134 N. Y. Supp. 913; *Kansas City, M. & O. R. Co. v. Corn*, [Tex.] 186 S. W. 807.) In the case of *Greenfield v. Wells Fargo & Co.* (*supra*) we find a contract of carriage prepared by the shipper containing such a provision for proportioning a partial loss in the following lucid language: " The charge for carrying said property being based upon a valuation not exceeding fifty dollars, unless a greater value is declared, it is hereby agreed that the company shall not be liable in any event for more than fifty dollars unless a greater value is stated herein, and *in case of partial*

*loss or damage shall not be liable for more than such a proportion of same as fifty dollars, or the value declared herein, bears to the actual value, if greater."* (Italics ours.)

The law is firmly grounded that in cases where a contract of carriage fixes the value of a shipment at so much per pound, per hundredweight, per ton, or at some other unit of weight or measure and the rate is calculated upon such agreed value, the recovery, in case of partial loss, is limited to the agreed value, per unit, of that part of the shipment which was lost, for the consignor is estopped from asserting any unit to have a greater value than the per unit value declared. (*Kansas City So. R. Co.* v. *Carl,* 227 U. S. 639; *Western Transit Co.* v. *Leslie & Co.,* 242 id. 448; *United Lead Co.* v. *Lehigh Valley R. R. Co.,* 156 App. Div. 525; affd., 215 N. Y. 751; *Boyle* v. *Bush Terminal R. R. Co.,* 210 id. 389.)

Thus in *Kansas City So. R. Co.* v. *Carl* (*supra*) the consignor by express language released the carrier from all liability for loss to property shipped, in excess of five dollars per hundred pounds, in consideration of a reduced rate. The court accordingly held there that for the loss of one box from a shipment of two boxes and one barrel weighing 400 pounds, the plaintiff could not recover the actual value of the contents of the box, which was seventy-five dollars, as such recovery would be in excess of five dollars per hundredweight.

In the case of *United Lead Co.* v. *Lehigh Valley R. R. Co.* (*supra*) it was expressly stipulated by the shipper that no liability should be predicated on a " higher basis of value than one hundred dollars per ton " for a consignment of tin, and a recovery was, therefore, limited to one hundred dollars a ton and not the actual value of the merchandise lost which was much in excess of one hundred dollars per ton. There is, however, no holding in any of these cases that where value is declared or stated without regard to constituent parts or units there is to be a prorating in event of a partial loss. No sound reason has been suggested which would in fairness warrant an extension of the rule.

It is true that in the case of *Mallison & Co., Inc.,* v. *Barrett* (215 App. Div. 524) this court, upon the principle of estoppel, held that, for a partial loss, a shipper could only recover that proportion of the loss which the declared value of the entire shipment bears to the actual value. The language of the shipping contract in that case differed somewhat from that employed in this contract, and it contained no agreement to the effect that the carrier " shall be liable for the value of the goods shipped within " the *limitation* of the value declared. The Fourth Department, in the case of

*Frank* v. *Michigan Central R. R. Co.* (169 App. Div. 69), originally adopted, in this State, this prorating theory for a partial loss based apparently upon an excerpt from Hutchinson on Carriers (Vol. 1 [3d ed. 1906], § 429). That textbook cites but one authority to support its conclusion, namely, *U. S. Express Co.* v. *Joyce* (72 N. E. [Ind]. 865), but the opinion in that case, it is to be noted, was subsequently ordered withdrawn (76 N. E. 1117).

Except where the contract of carriage expressly provides for prorating in the event of a partial loss, the emphatic trend in other jurisdictions is against the adoption of the prorating principle. The rule entertained by overwhelming authority is that where, as in this instance, the contract of carriage provides that the amount recoverable in case of loss or damage shall be limited to the declared value of the shipment, such agreement, in case of partial loss, is to be construed as permitting recovery for the loss or damage actually sustained, the amount recoverable, however, not to be greater than that agreed upon as compensation for a total loss. (*Ansaldo San Giorgio I.* v. *Rheinstrom Bros. Co.*, 294 U. S. 494; *Central of Georgia R. Co.* v. *Broda*, 190 Ala. 266; 67 So. 437; *Candee* v. *Delaware, L. & W. R. Co.*, 94 N. J. Law, 144; 109 A. 202, 203; *Olcovich* v. *Grand Trunk R. Co.*, 179 Cal. 332; 176 P. 459; *Georgia R. R. & Banking Co.* v. *Reid*, 91 Ga. 377; 17 S. E. 934; *Fox* v. *Chicago, etc., R. Co.*, 199 Ill. App. 453; *Brown* v. *Cunard S. S. Co.*, 147 Mass. 58; 16 N. E. 717; *Davis* v. *Wabash R. Co.*, 122 Mo. App. 637; 99 S. W. 17, 18; *Buffington & Lee* v. *Wabash R. R. Co.*, 118 Mo. App. 476; 94 S. W. 991; *Nelson* v. *Great Northern R. Co.*, 28 Mont. 297; 72 P. 642; *Wilson* v. *Adams Express Co.*, 72 Penn. Super. Ct. 384; *Huguelet* v. *Warfield*, 84 S. C. 87; 65 S. E. 985; *Starnes* v. *Louisville & Nashville R. R. Co.*, 91 Tenn. 516; 19 S. W. 675; *Gulf, C. & S. F. R. Co.* v. *Harrell*, [Tex.] 270 S. W. 187; *Baird* v. *Denver & R. G. R. Co.*, 49 Utah, 58; 162 P. 79; *Castner* v. *Oregon-Washington R. R. & Nav. Co.*, 89 Wash. 694; 155 P. 167; *Spaner Bros.* v. *Central Canada Express Co.*, 43 D. L. R. 400 [Canada]; *The Caledonier*, 42 F. [2d] 856; *Duplan Silk Co.* v. *Lehigh Valley R. Co.*, 223 Fed. 600; *Illinois Central R. R. Co.* v. *Wilson & Co.*, 131 Tenn. 699; 176 S. W. 1036.)

The language of Mr. Justice ROBERTS of the United States Supreme Court in the *Ansaldo Case* (*supra*) epitomizes this law, as follows: " Two so-called valuation clauses have been in frequent use. One is a true limitation agreement. It recites that a sum named in the bill of lading is the agreed value of the goods, or their value per unit or per package, in the absence of the shipper's declaration of a higher value; that the rate is fixed with reference to the specified value, and if a greater be declared a higher rate will apply; that in consideration of the rate to be charged, the carrier's liability

for loss or damage shall be limited to the stipulated value. In case of loss or damage, this clause enures to the carrier's but not to the shipper's benefit. The latter can in no event recover more than his actual loss, but may have to take much less. *The damages are computed in the usual way without reference to the stipulation, but if when so computed they exceed the agreed limit of value, no recovery of the excess may be had.* * * * The agreement as to value, in consideration of carriage at the lower rate thus obtained, is held to estop the shipper from demanding damages in excess of the agreed value." (Italics ours.)

We are of the opinion that in the case before us the plain language of the agreement to the effect that the declared value of the shipment shall establish the limit of the carrier's liability should not be interpreted to mean that in the event of partial damage recovery is to be that proportion of the actual loss which the declared value bears to the actual value. If the carrier had intended to bind the shipper to such provision, it was incumbent upon the carrier so to state in plain and unambiguous language.

We accordingly conclude that by the terms of this shipping contract the declared value of $13,650 fixes the limit of the carrier's liability and that plaintiff is entitled to recover its actual damage of $8,690.24, as such amount does not exceed the declared value of the total shipment.

Judgment should be rendered in favor of the plaintiff and against the defendant in the sum of $8,690.24, and, pursuant to stipulation, without interest and without costs.

MARTIN, P. J., GLENNON, UNTERMYER and DORE, JJ., concur.

Judgment unanimously directed in favor of the plaintiff and against the defendant in the sum of $8,690.24, without interest and costs. Settle order on notice.