Duff, J.
This was a suit to recover damages to two shipments of dresses, of each shipment of which the plaintiffs declared the value to be $50.; it might have been found that this was an intentional undervaluation; the bills of lading limited defendant’s liability for each shipment to $50:
*333 The court found for the plaintiffs for $33.50 on count 1 and for $76.80 on count 3 and stated “I find that taking into consideration all the facts in the case, the damages are to be assessed as stated in my findings. This includes as well the value of the dresses and salvage”.
The court allowed defendant’s request 1 and denied requests 2 and 3. .
Bequest 2 is as follows: “Where the value of the whole shipment is declared by the shipper to be $50.00 and recovery for total loss limited to $50.00 recovery for loss to part of the goods will be a proportional part of $50.00.”
According to the weight of authority, we think request 2 should have been allowed.
The United States courts and those of some states apply the “ratio” rule, and that even in the case of shipments of non-homogeneous goods. Western Transit Co. v. A. C. Leslie & Co., 242 U. S. 44, Kansas City So. Ry. v. Carl, 227 U. S. 639; Shelton v. Can. No. Ry. Co., 189 Fed. 153.
Some state courts allow the “true value” rule, in which the agreed value limits only the maximum recovery. Cent. Ga. R.R. v. Broda, 190 Ala. 266; Visanska v. So. Exp. Co., 92 S. C. 573; Carleton v. N. Y. Cent. &c. R.R., 64 N. Y. Misc. 51. cf. 40 Harv. L. R. 128. We know of no precedent in this state, in carrier cases, but the case of a “valued” insurance policy would appear to be analogous. Ins. Co. of N. A. v. Willey, 212 Mass. 75.
When parties have based their obligations on an agreed value, that generally binds. Cf. Connolly v. Sullivan, 173 Mass. 1, 21 Harv. L. R. 32.
The present is not only a case of agreed limitation of recovery, which may be ineffective in cases of negligence, but of agreed valuation, forming part of the defendant’s undertaking. The plaintiff, held to his own figure as to the sum. of the value of the parts, must show, to hold his find *334 ing, that the value of the undamaged parts would not carry the total value above $50. This he obviously cannot do.
Bequest 3 was properly denied; it was not a request for a ruling of law, but an unwarranted attempt to dictate findings of fact.
There should be a reassessment of damages in accordance with this opinion, and it is—
So ordered.